# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ANGELA FULLER, on behalf of herself and others similarly situated,** | ) ) ) | Civil Action No. 15-cv-03856-KM-MAH |
| | ) | CLASS ACTION |
| *Plaintiff*, | ) ) | |
| | ) | Hon. Kevin McNulty |
| **v.** | ) | District Judge |
| | ) | |
| **AVIS BUDGET CAR RENTAL, LLC and AVIS BUDGET GROUP, INC.,** | ) ) | Hon. Michael A. Hammer Magistrate Judge |
| | ) | |
| *Defendants*. | ) | Motion Date: April 17, 2017 |
| | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**FRANCIS & MAILMAN, P.C.**
James A. Francis
John Soumilas
Lauren KW Brennan
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
T: 215-735-8600

*Attorneys for Plaintiffs and the class*
*Additional Attorneys on Signature Block*

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................1

II.     HISTORY OF THE LITIGATION ............................................................2

    A.      The Complaint ................................................................................2

    B.      The Motion for Judgment on the Pleadings ...................................3

    C.      Discovery Proceedings ...................................................................3

    D.      The Mediation .................................................................................4

    E.      The Settlement Conference .............................................................4

III.    THE TERMS OF THE PROPOSED SETTLEMENT ...............................5

    A.      The Rule 23(b)(3) Settlement Class ...............................................5

    B.      The Release is Tailored to the Relief .............................................8

    C.      Settlement Administration and Notice to the Class .......................8

        1.      Settlement Administrator .....................................................8

        2.      Notice ..................................................................................8

    D.      CAFA Notice ..................................................................................9

    E.      Attorneys' Fees and Service Awards ..............................................9

IV.     THE PROPOSED SETTLEMENT CLASS SHOULD
       BE CERTIFIED FOR SETTLEMENT PURPOSES ...............................9

    A.      The Proposed Settlement Class Meet Rule 23(a)'s Requirements ...............10

        1.      Numerosity .........................................................................10

        2.      Commonality ......................................................................11

        3.      Typicality ...........................................................................12

        4.      Adequacy of Representation ...............................................13

    B.      The Proposed Settlement Class Meet Rule 23(b)(3)'s Requirements .........14

        1.      Common Questions of Law and Fact Predominate
            Over Individual Ones ........................................................14

        2.      A Class Action is the Superior Method for Resolving
            the Claims Here .................................................................15

V.      THE SETTLEMENT IS FAIR AND ADEQUATE ................................15

    A.      Standards for Preliminary Approval of a Class Settlement .........15

    B.      The Terms of the Proposed Settlement are
       Fair, Reasonable and Adequate ...................................................17

VI.     THE PROPOSED NOTICE PLAN MEETS RULE 23'S
       REQUIREMENTS .....................................................................................19

  A.  The Notice Plan Satisfies Rule 23 and Due Process ....................................19

  B.  Request for Approval of Notice Plan ...........................................................19

VII. **CONCLUSION** ..................................................................................................20

Plaintiff Angela Fuller ("Plaintiff" or "Class Representative"), by counsel, hereby respectfully requests this Court to enter an order granting preliminary approval of a proposed settlement of this class action that provides both cash and non-monetary relief to a settlement class consisting of approximately 45,000 job applicants.  Plaintiff further seeks the appointing of the undersigned as class counsel for the settlement class; the approval of the proposed notice plans for the settlement class; the appointment of a settlement administrator; and the scheduling of a hearing to consider final approval of the proposed settlement.

## I.    **INTRODUCTION**

This class action was filed on June 9, 2015 and alleged that Defendants Avis Budget Car Rental, LLC and Avis Budget Group, Inc., (collectively, "Defendants" or "Avis") violated various provisions of the Fair Credit Reporting Act ("FCRA") in connection with the procurement and use of employment background screening reports about job applicants.  Specifically, the Plaintiff claims that Avis used an unlawful process in seeking permission to procure background reports for employment purposes and took adverse employment action against some of these job applicants without providing them timely notice before taking such adverse action.

The settlement is an excellent result for the class and provides cash payments of hundreds of dollars to those members of the class who allegedly did not receive a timely notification of a background report's adverse effect on the prospects of their employment with Defendants.  It also provides relief in the form of an estimated $45 cash payment for class members who were not the subject of adverse employment action, but who nevertheless had a background report about them procured in an allegedly unlawful manner.  The settlement also encompasses relief to class members whose claims are beyond the Fair Credit Reporting Act's ("FCRA") default 2-year statute of limitations and who thus could have significant difficulty bringing their own claims

otherwise absent this resolution.  Finally, the settlement provides for an individual settlement and service award for the Class Representative, attorneys' fees and costs, and for class notice and administration costs.

Overall, Plaintiff's counsel believes that the settlement is fair, reasonable and adequate. The parties' settlement agreement is attached hereto as Exhibit 1.[1]  Plaintiff proposes an appropriate form of notice to be delivered to the class members and has attached a true and correct copy of same as Exhibit 3.  Attached as Exhibits 4, 5 and 6 are declarations and/or law firm biographies supporting the qualifications and litigation experience of class counsel.

With the consent of Defendants, Plaintiff now moves for preliminary approval of the settlement and urges this Court to grant same and to approve the notice program contained therein.

## II.   HISTORY OF THE LITIGATION

### A.    The Complaint

This is a consumer protection class action brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") regarding Defendants' use of consumer reports for employment purposes.[2]  The case was brought on behalf of job applicants who applied to work for Avis and who were the subjects of employment background reports performed by Defendants' background check service.

---

[1]      Due to the inclement weather on the day this filing was due, Defendants' counsel was unable to obtain a signature for the settlement agreement from his New Jersey-based corporate representative, but expects to have such a signature in the immediate future.  *See* Exhibit 2 (declaration of defense counsel).  At that time, the parties will substitute Exhibit 1 hereto with a fully executed version.  Capitalized words in this Memorandum refer to defined terms in the Settlement Agreement.

[2]      Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes."  15 U.S.C. § 1681a(d)(1)(B).

The Complaint, in Counts I and II, sought class-wide relief for violations of sections 1681b(b)(2) and 1681b(b)(3) of the FCRA, pursuant to 15 U.S.C. § 1681n, which provides remedies for any willful violations of the statute, including actual, statutory and punitive damages, and attorneys' fees and costs.

Count I alleged that Avis violated section 1681b(b)(2) of the FCRA when it procured or caused to be procured a consumer report for employment purposes for Plaintiff and other job applicants without first providing a clear and conspicuous disclosure in writing to the applicant in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

Count II alleged that Avis violated section 1681b(b)(3) of the FCRA when it failed to provide Plaintiff and certain members of the settlement class the required Pre-Adverse Action Notice, a copy of the background report, and a written description of the applicant's rights under the FCRA in a timely manner – that is, before taking adverse action against the consumer based in whole or in part upon the consumer report.

### B.   The Motion for Judgment on the Pleadings

Defendant filed a Motion for Judgment on the Pleadings on November 5, 2015 (the "Motion").  Over the next few months, the parties fully briefed the Motion.  However, before the Court ruled on the Motion, the parties agreed to terminate the Motion without prejudice so they could engage in mediation.

### C.   Discovery Proceedings

Notwithstanding the pending Motion, the Court declined to stay discovery and the parties exchanged voluminous documents and written discovery responses that identified a class that numbered in the tens of thousands.  After the class was identified and sufficient information about

the claims and defenses had been fleshed out, the parties agreed to attend a private mediation in New York City.

### D.    The Mediation

On April 26, 2016, the parties attended a lengthy mediation with Professor Eric D. Green of Harvard University, a well-respected expert mediator in, among other things FCRA class action mediation. The parties engaged in extensive preparation for the mediation, generating substantial briefings and position papers. The mediation proceeded as scheduled, but the parties were unable to reach an accord. Notwithstanding the inability of the parties to reach an agreement during the mediation, they kept up settlement discussions as they resumed a litigation track and exchanged further discovery.

### E.    The Settlement Conference

Finally, the parties engaged in a formal settlement conference before Magistrate Judge Michael A. Hammer on November 17, 2016 during which the parties reached an accord and drafted a set of settlement terms in principle. The parties thereafter continued to negotiate about the finer points of their settlement and finalized their formal settlement agreement on March 14, 2017.

As demonstrated by the significant discovery exchanged, length of litigation of this matter, motion practice, and the fact that the parties could not reach resolution without both private mediation and a Court-administered settlement conference, there is no doubt that the settlement presented for the Court's consideration is the result of hard fought, arms-length negotiations between the parties. There is also no doubt that the settlement represents a highly beneficial result to the settlement class, satisfying the "fair, reasonable and adequate" threshold governing preliminary approval. Fed. R. Civ. P. 23(e)(2).

4

III.      **THE TERMS OF THE PROPOSED SETTLEMENT**

The deal coming out of the settlement conference was based on Defendants'
representations about the substantial number of individuals in the settlement class. The settlement
class consists of all of those job applicants who, from June 9, 2010 to April 28, 2016, applied for
a job with Defendants and for whom Defendants procured or caused to be procured a consumer
report for employment purposes using a written disclosure containing language substantially
similar in form to the disclosure form provided to Plaintiff Fuller. A subset of those individuals
were allegedly the subjects of adverse employment decisions based in whole or in part upon the
background report without being provided timely notice of the provision of the reports.

A.      **The Rule 23(b)(3) Settlement Class**

The settlement agreement defines a settlement class pursuant to Rule 23(b)(3), which
consists of approximately 45,000 ascertainable individuals which can be further subdivided into
four groups or tiers based upon the specific FCRA provision alleged to have been violated and the
time frame in which the alleged violation occurred.

FCRA section 1681b(b)(2) applies to the groups of job applicants for whom Defendants
allegedly failed to provide a compliant stand-alone disclosure in connection with the procurement
of a consumer report for employment purposes (the "Inadequate Disclosure" groups) and FCRA
section 1681b(b)(3) applies to the groups to whom Defendants allegedly failed to provide timely
notice before taking an adverse action based wholly or in part on a consumer report for
employment purposes (the "Failure to Notify" groups).

Both of these claims-based groups are further subdivided based upon the time frames in which Defendants' conduct affected them relative to the FCRA's statute of limitations.[3] According to Defendants' records, the "2-Year Inadequate Disclosure class" described below consists of approximately 21,000 ascertainable individuals. The "3- to 5-Year Inadequate Disclosure class" consists of approximately 25,000 ascertainable individuals. The "2-Year Failure to Notify class" consists of approximately 500 people. Finally, the 3- to 5-Year Failure to Notify class" consists of approximately 600 people. The relief afforded in the settlement agreement, therefore, is tiered based upon the following criteria:

*The 2-Year Inadequate Disclosure Group*
*Approximately 21,000 Individuals*

All natural persons residing within the United States and its territories regarding whom, from June 9, 2013 through April 28, 2016, Avis Budget Car Rental, LLC[4] procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the Disclosure Form provided to Ms. Fuller.

*The 2-Year Failure to Notify Group*
*Approximately 500 Individuals*

All employees or applicants for employment with Defendants residing in the United States and its Territories who were the subject of a background report procured or caused to be procured from a consumer reporting agency by Avis Budget Car Rental, LLC, and to whom its records reflect that it directed Sterling InfoSystems, Inc. or Sterling's predecessors or successors to provide, on its behalf, a pre-adverse action notice, from June 9, 2013 through April 28, 2016.

*The 3- to 5-Year Inadequate Disclosure Group*
*Approximately 25,000 Individuals*

All natural persons residing within the United States and its territories regarding whom, from June 9, 2010 through June 8, 2013, Avis Budget Car Rental, LLC

---

[3]      Although FCRA claims can have up to a five-year statute of limitations when the alleged violation is unknown to the plaintiff, class cases like the one at bar are far more frequently bound to the FCRA's two-year statute of limitations.

[4]      Discovery revealed that Avis Budget Group, Inc. is a holding company, therefore class definitions are phrased in terms of Avis Budget Car Rental, LLC.

procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the Disclosure Form provided to Ms. Fuller.

*The 3- to 5-Year Failure to Notify Group*
Approximately 600 Individuals

All employees or applicants for employment with Defendants residing in the United States and its Territories who were the subject of a background report procured or caused to be procured from a consumer reporting agency by Avis Budget Car Rental, LLC and to whom its records reflect that it directed Sterling InfoSystems, Inc. or Sterling's predecessors or successors to provide, on its behalf, a pre-adverse action notice, from June 9, 2010 through June 8, 2013.

The members of the Two-Year Inadequate Disclosure Group, consisting of approximately 21,000 individuals, will each receive a one-time payment estimated to be $45.  The members of the 2-Year Failure to Notify Group, consisting of approximately 500 individuals, will receive the estimated $45 to which they are entitled for also being a member of the 2-Year Inadequate Disclosure Group and also an additional payment estimated at $650, for a total payout of approximately $700.[5]  Every class member falling in the 3-5 year groups with receive a $20 voucher applicable toward a weekday car rental through Avis.  As set forth in the Settlement Agreement, the parties' deal recognizes the inherent issues with compiling personnel data in a case as complex as this spanning such a significant period of time, and the deal is thus flexible such that the parties do not expect any class member's payment to be materially impacted even if the members of the 2-Year Inadequate Disclosure Group number up to 25,000 or the 2-Year Failure to Notify Group number up to 600.

If a check is not presented for payment within thirty days of being sent, the settlement Administrator will mail a reminder postcard to the 2-Year Failure to Notify Group member.  If any check is not submitted within 120 days of the Effective Date ("Unclaimed Funds"), the check will

---

[5]     Pursuant to the Settlement Agreement, no funds revert to the Defendant under any circumstances.

be deemed void and the 2-Year Failure to Notify Group member will have waived his or her right to the check amount.  Unclaimed Funds will become a *cy pres* award.  The settlement Administrator may send out new checks (and cancel the original ones) to any 2-Year Failure to Notify Group member who makes such a request.

**B.      The Release is Tailored to the Relief**

Defendants will be released from all claims, as defined in the settlement agreement, relating to their use of the form they used with Plaintiff Fuller in order to seek permission to procure a background report and to the use of the consumer reports they obtained as a result.  Plaintiff Fuller provides a general release of her claims against Defendants.

**C.      Settlement Administration and Notice to the Class**

**1.      Settlement Administrator**

The Parties have investigated the hiring of American Legal Claims Services, LLC ("ALCS") or a similar competitive bidder as the settlement administrator in this case.  ALCS has over 15 years of experience administering large class actions.  *See* https://www.americanlegal.com/.   ALCS has provided a competitive bid for notice and administration of this settlement, but additional requests for bids remain outstanding as of the date of this motion.

**2.      Notice**

The parties have agreed, pending the approval of this Court, to disseminate notice to members of the settlement class in a form substantially similar to the document attached as Exhibit 3.

### D.    CAFA Notice

Pursuant to the class Action Fairness Act of 2005 ("CAFA"), Defendants will, through the settlement administrator, send via overnight delivery a notice of settlement to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715(b), no later than ten days after this filing. Specifically, Defendants will send notices to the Attorney General of the United States and the Attorneys General of each state.  Defendants will file with the Court a proof of service after the CAFA notice has been completed.

### F.    Attorneys' Fees and Service Awards

Plaintiff's counsel will ask the Court to approve attorneys' fees and costs and a Class Representative service award negotiated by the parties and permitted in the settlement agreement. Both subjects – fees and service awards – were addressed in negotiations only after the parties had reached an agreement as to the recovery for the class.

Plaintiff's counsel will seek an individual service award for the Class Representative in the amount of $15,000, which Defendants do not oppose.  This amount is consistent with other service awards approved by courts in this District.

Plaintiff's Counsel will seek an award of fees and costs in amount not to exceed one third of the total amount of the cash and non-monetary relief awarded to the settlement class.  The award shall include all fees, cost and other expenses for all attorneys, their employees, consultants, and other agents who performed work in connection with this litigation.  Defendants have agreed not to oppose an award up to this amount.

## IV.   THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

In considering the proposed settlement, the first question for the Court is whether a settlement class may be conditionally certified for settlement purposes.  *See Amchem Products,*

*Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (trial court may disregard management issues in certifying a settlement class, but the proposed class must still satisfy the other requirements of Rule 23); *Sullivan v. DB Invs., Inc.,* 667 F.3d 273, 296 (3d Cir. 2011) (*en banc*) ("[B]efore approving a class settlement agreement, a district court first must determine that the requirements for class certification under Rule 23(a) and (b) are met." (internal quotation marks omitted)); *In re Cmty. Bank of N. Va.,* 418 F.3d 277, 300 (3d Cir. 2005) ("[R]egardless of whether a district court certifies a class for trial or for settlement, it must first find that the class satisfies all the requirements of Rule 23.").

The Parties have reached a proposed agreement on behalf of the settlement class.  In support of their contention that proper and sufficient grounds for class certification exist under Rule 23, the Class Representative would show the following.

### A.    The Proposed Settlement Class Meet Rule 23(a)'s Requirements

#### 1.    Numerosity

In applying this rule, it has consistently been held that joinder is impracticable where the class is composed of hundreds of potential claimants; indeed, impracticability of joinder has often been found where the class is composed of fewer than 100 members.  *See, e.g., Eisenberg v. Gagnon*, 766 F.2d 770, 785-86 (3d Cir. 1985) (90 class members met numerosity requirement); *Weiss v. York Hospital,* 745 F.2d 786, 808 (3d Cir. 1984) (92 class members met the numerosity requirement).

Here, Defendants have represented that the settlement class consists of approximately 45,000 ascertainable individuals.  These numbers are certainly sufficient to establish that joinder is impracticable.

### 2.      Commonality

A putative class satisfies Rule 23(a)'s commonality requirement if "the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Baby Neal v. Casey,* 43 F.3d 48, 56 (3d Cir. 1994).  As this Circuit reiterated recently,

> [T]hat bar is not a high one.  We have acknowledged commonality to be present even when not all plaintiffs suffered an actual injury, when plaintiffs did not bring identical claims…and, most dramatically, when some plaintiffs' claims may not have been legally viable…[.] In reaching those conclusions, we explained that the focus of the commonality inquiry is not on the strength of each plaintiff's claim, but instead is 'on whether the defendant's conduct was common as to all of the class members.'

*Rodriguez v. National City Bank,* 726 F.3d 372, 382-83 (3d Cir. 2013) (citations omitted) (reviewing commonality standard in light of *Wal–Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541 (2011), and concluding that while "*Dukes* is an intervening and pointedly clear explication of the law, it did not announce any change in the test for determining commonality." *Rodriguez,* 726 F.3d at 381, n. 2)).

Plaintiff asserts that the following questions of law or fact, which focus on the uniform conduct and procedures of the Defendants, are common to the class:

1.      Whether Defendants procured or caused to be procured consumer reports for employment purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

2.      Whether Defendants failed to provide each job applicant not hired a Pre-Adverse Action Notice, a copy of his or her consumer report and statement of rights before Defendants took adverse action based upon the consumer report;

3.      Whether Defendants acted willfully or negligently in disregard of the FCRA.

The theories of liability are precise because they arise from the same standard practice and present basic questions that are common to all class members.  Cases presenting standardized practices directed at consumers invariably present common predominating issues.  *See Perry v. FleetBoston Financial Corp.,* 229 F.R.D. 105 (E.D. Pa. 2005) (finding Rule 23 requirements met in consumer class action and noting cases routinely certified where 'defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents.'" (citing cases)).  *See also Weiss v. Regal Collections*, 385 F.3d 337, 344-45 (3d Cir. 2004) (claims arising from statements contained in standard collection communications particularly appropriate for class action).

Because the Defendants' policies and practices with respect to such conduct were essentially uniform regarding these issues, commonality is satisfied.  *In re Prudential Insurance Company America Sales Practice Litigation*, 148 F.3d 283, 310 (3d Cir. 1998).

### 3.      Typicality

This requirement is "designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." *Prudential*, 148 F.3d at 311.  The threshold for establishing typicality is low.  Typicality does not require that the claims of the class members be identical.  Rather, a plaintiff's claims are typical when the nature of the plaintiff's claims, judged from both a factual and a legal perspective, are such that in litigating her personal claims, she can reasonably be expected to advance the interests of absent class members.  *See, e.g., General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 156-157 (1982).

The Class Representative is a member of the settlement class, has the same interest in resolution of the issues as all other members of the class and her claims are typical of all members

of the class.  Plaintiff was affected by the Defendants' practices in the same manner as all members of the class and also had adverse action taken against her by Defendants like some members of the class.  These facts, and Plaintiff's claims, are therefore typical of the facts and claims of all other members of the proposed settlement class.  *See Hassine v. Jeffes,* 846 F.2d 169, 177 (3d Cir. 1998).

### 4.      Adequacy of Representation

A representative plaintiff must be able to provide fair and adequate protection for the interests of the class.  That protection involves two factors: (a) the representative plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative plaintiff must not have interests antagonistic to those of the class.  *See, e.g., In re Prudential*, 148 F.3d at 312; *Lewis v. Curtis*, 671 F.2d 779, 788 (3d Cir. 1982).

Plaintiff here fairly and adequately represents the interests of the class.  She has retained qualified and experienced attorneys who have substantial experience in class action and FCRA consumer litigation and are qualified to conduct the litigation.  *See LaRocque v. TRS Recovery Services, Inc.,* 285 F.R.D. 139 (D. Me. 2012).  *See also Perry,* 229 F.R.D. at 112-13 (court finding that "I and a number of my colleagues have previously found that class counsel Francis & Mailman, P.C. … possesses the skill, experience and qualifications necessary to conduct litigation similar to the present lawsuit . . . .").[6]

Moreover, Plaintiff has no interests that are antagonistic to the interests of the class, and is

---

[6]       *See also Sapp v. Experian Information Solutions, Inc.,* 2013 WL 2130956 (E.D. Pa. May 15, 2013) (Dalzell, J.); *Barel v. Bank of America*, 2009 WL 122805 (E.D. Pa. Jan. 16, 2009) (Surrick, J.);  *Markocki v. Old Republic National Title Ins. Co.,* 2008 WL 5159252 (E.D. Pa. Dec. 9, 2008) (Tucker, J.); *Strausser v. ACB Receivables Management, Inc.*, 2008 WL 859224 (E.D. Pa. Mar. 28, 2008) (O'Neill, J.); *Allen v. Holiday Universal, Inc.,* 249 F.R.D. 166 (E.D. Pa. 2008); (Pratter, J.); *Jordan v. Commonwealth Financial Systems, Inc.,* 237 F.R.D. 132 (E.D. Pa. 2006) (Davis, J.); *Beck v. Maximus, Inc.,* 2005 WL 589749 (E.D. Pa. March 11, 2005); *Stoner v. CBA Information Services,* 352 F.Supp.2d 549 (E.D. Pa. 2005).

unaware of any actual or apparent conflicts of interest between herself and the class.

### B.       The Proposed Settlement Class Meets Rule 23(b)(3)'s Requirements

If the Rule 23(a) requirements are met, the proposed class must then fall into one of the categories set out in Rule 23(b)(3) to warrant certification, namely that (1) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and, (2) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The proposed settlement class meets these requirements.

#### 1.       Common Questions of Law and Fact Predominate Over Individual Ones

Resolution of the common issues of fact and law in this case will not only promote the efficient adjudication of these matters, it will dispose of them entirely.

Plaintiff alleges on behalf of the Inadequate Disclosure groups that Defendant failed to comply with section 1681b(b)(2) of the FCRA by procuring or causing to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the disclosure form provided to Plaintiff. The disclosure form that Defendants utilized with respect to Plaintiff is generally common to all members of the settlement class.

Plaintiff alleges on behalf of the Failure to Notify groups that Defendants failed to comply with section 1681b(b)(3) of the FCRA by failing to timely provide notice to job applicants who were the subject of a background report procured or caused to be procured from a consumer reporting agency by Defendants and used in connection with an adverse action decision. The policies and procedures in place with respect to that required notice for Plaintiff is generally common to all members of the settlement class as well.

14

In addition, Plaintiff alleges on behalf of this class that Defendants' alleged failure to comply with the FCRA was "willful," *i.e.*, that there is no objectively reasonable interpretation of the FCRA, as a matter of law, that supports Defendants' view that it was not required to comply. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. at 69. This is a predominant legal question common to all class members.

### 2. A Class Action is the Superior Method for Resolving the Claims Here

As to superiority, class settlement is the most efficient means of adjudicating the disputes raised here. Separately litigating the common issues that bind the settlement class would be a practical impossibility, even assuming consumers had notice of their claims and it were economically feasible to pursue these claims on their own. Where the alternative to a class action is likely to be no action at all for most of the class members, there is a strong presumption in favor of a finding of superiority. *Cavin v. Home Loan Ct., Inc*., 236 F.R.D. 387, 396 (N.D. Ill. 2006). Even if just a small fraction of the class were to bring individual suits, the resolution of common issues in a single proceeding here would be infinitely more efficient than the separate adjudication of individual claims in separate lawsuits across the country.

## V. THE SETTLEMENT IS FAIR AND ADEQUATE

### A. Standards for Preliminary Approval of a Class Settlement

When a proposed class-wide settlement is reached, it must be submitted to the Court for approval. H. Newberg & A. Conte, NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2009) ("NEWBERG"). Preliminary approval is the first of essentially three steps that comprise the approval procedure for settlement of a class action. The second step is the dissemination of notice of the settlement to all class members. The third step is a settlement approval or final fairness hearing. *See* MANUAL FOR COMPLEX LITIGATION 4TH, § 21.63 (2004), *available at*

http://www.fjc.gov ("MANUAL").  While a settlement class must satisfy each of the requirements of Rule 23(a) and Rule 23(b)(3), "the fact of settlement is relevant to a determination of whether the proposed class meets the requirement imposed by the Rule."  *In re: Prudential Ins. Co. of America Sales Litigation*, 148 F.3d at 308-09.

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement appears fair and reasonable.  MANUAL at § 21.62.

> Such a preliminary determination requires the Court to consider the following factors: "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *Id.* (citing Herbert Newberg & Alba Conte, *Newberg on class Actions* § 11.41, at 11–91 (3d ed. 1992)); *see also In re Warfarin Sodium Antitrust Litig.,* 212 F.R.D. 231, 254 (D. Del. 2002). If a court concludes, after consideration of those factors, that the settlement should be preliminarily approved, "... an initial presumption of fairness ..." is established. *In re Gen. Motors Corp.,* 55 F.3d at 785.

*In re Linerboard Antitrust Litigation*, 292 F.Supp.2d 631, 638 (E.D. Pa. 2003).

The approval of a proposed settlement of a class action is a matter within the broad discretion of the trial court.  Of course, settlements of class actions are favored in the law.  *See In re: General Motors Truck Litigation*, 55 F.3d 768, 784 (3d Cir. 1995).  Preliminary approval does not require the trial court to affirmatively answer the ultimate question of whether a proposed settlement is fair, reasonable and adequate.  That determination is made only after notice of the settlement has been given to the members of the class and after they have been given an opportunity to voice their views of the settlement or be excluded from the class.  *See Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires a judgment and evaluation by the attorneys for the parties based upon a comparison of "the terms of the compromise with the likely rewards of litigation."  *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982); *Collier v. Montgomery County*, 192 F.R.D. 176, 184 (E.D. Pa. 2000)

(citing factors established in *Girsh*, 521 F.2d 153).  Therefore, many courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight.  *See Collier*, 192 F.R.D. at 186.

In addition to being substantively reasonable in relation to the risks and likely rewards of litigation, the proposed settlement must be "the result of good faith, arm's length negotiations." *Collier*, 192 F.R.D. at 184.  In evaluating this requirement, courts proceed as follows:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to Class Representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the class Members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement.

*Id.*  A finding that these factors are present establishes an initial presumption of fairness.  *Id.*; *see also General Motors*, 55 F.3d at 785-86.  Here, the proposed settlement easily meets these standards.

**B.      The Terms of the Proposed Settlement are Fair, Reasonable and Adequate**

The proposed settlement is reasonable when considered in light of disputed liability and the cognizable damages that members would otherwise have been permitted to recover if successful under the FCRA.  These factors demonstrate that the proposed settlement is an excellent result for the class in this case.

The proposed settlement is the product of arm's length, informed and non-collusive negotiations.  Defendants have continued to deny any wrongdoing or legal liability arising out of the conduct alleged in this action.  Indeed, Defendants had filed a motion for judgment on the pleadings seeking full dismissal of the case, which Plaintiff vigorously opposed.  Nonetheless, Defendants have concluded that it is desirable that this action be settled in the manner and upon

the terms and conditions set forth in the settlement agreement to avoid the expense, inconvenience, and burden of further legal proceedings and the uncertainties of trial and appeals.

The Plaintiff and her counsel have weighed the expense and length of a trial in this action against Defendants through possible appeals, which could take several more years, and have also taken into account the time already invested in this case, its uncertain outcome and the inherent risks of litigation. Plaintiff and her counsel believe that the settlement set forth in the settlement agreement confers substantial immediate benefits upon the settlement class. Plaintiff and her counsel have determined that the settlement is in the best interest of the settlement class.

The proposed settlement has no "obvious deficiencies" and falls well within the range for approval. Moreover, and just as important in counsel's estimation, this action and the settlement have resulted in Defendants' cessation of the allegedly unlawful practice, and essentially achieves, albeit informally, a settlement injunction. As such, the settlement provides a broader societal benefit to cash and non-monetary relief for the class.

As noted, settlements of class action disputes are favored in the law, to bring finality and to conserve judicial resources. *General Motors*, 55 F.3d at 783. Settlement of consumer class actions otherwise involving individual claims for small sums, such as the instant action under the FCRA, are particularly well suited to class settlement.

The settlement does not improperly grant preferential treatment to the Class Representative or any of the described groups. The relief provided in the settlement will benefit all class members, and the distributions are made fairly tiered the strength and timeless of the claims of the various groups of applicants.

**VI.     THE PROPOSED NOTICE PLAN MEETS RULE 23'S REQUIREMENTS**

Once preliminary approval of a settlement class is granted, Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal."  Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover Trust*, 339 U.S. 306, 314 (1950). Notice also must satisfy Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state the following in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; and (vi) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  Rule 23(c)(2)(B) requires "individual notice to all members who can be identified through reasonable effort." *Larson v. AT&T Mobility LLC*, 687 F.3d 109, 123-24 (3d Cir. 2012).

**A.     The Notice Plan Satisfies Rule 23 and Due Process**

Here, the Notice is written in easy and plain language and contains the information required by Rule 23(c)(2)(B).  *See* Exhibit 3.  Accordingly, the form of notice and plan of dissemination should be approved.

**B.     Request for Approval of Notice Plan**

The notice plans for the Rule 23(b)(3) settlement class described above amply satisfy the Rule 23(e)(1) requirement that notice be directed in a "reasonable manner to all class members who would be bound by the proposal."

## VII.    CONCLUSION

The settlement presents an excellent result for the class and genuine relief to approximately 45,000 job applicants.  Cash relief is available for more than 20,000 of these individuals, and a substantial cash award is available for approximately 500 of these individuals who have indisputably timely FCRA section 1681b(b)(3) claims for Avis's alleged failure to provide them with compliant notice before taking any adverse employment action.  Vouchers are available for an additional approximately 25,000 job applicants who would face significant obstacles pursuing their claims outside of this settlement because of the statute of limitations.  All of this relief is automatically available to the class members without the need for cumbersome claim forms.  The settlement eliminates further costs caused by litigating this case through trial and appeal.  The proposed settlement thus satisfies the strictures for preliminary approval.

Accordingly, Plaintiff Fuller respectfully moves for entry of the attached proposed Order of Preliminary Approval.

Dated: March 14, 2017                              Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

/s/ *John Soumilas*
James A. Francis
John Soumilas
Lauren KW Brennan
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
T: 215-735-8600

Micah S. Adkins (*pro hac vice*)
**THE ADKINS FIRM, P.C.**
2 Perimeter Park South
Suite 405 E
Birmingham, AL 35243
T: 205-458-1204

Robert S. Sola (*pro hac vice*)
**ROBERT S. SOLA, P.C.**
1500 SW First Avenue
Suite 800
Portland OR 97201
T: 503-295-6880

*Attorneys for Plaintiffs and the class*