UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA FULLER, on behalf of herself and others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>AVIS BUDGET CAR RENTAL, LLC and AVIS BUDGET GROUP, INC.,<br><br>*Defendants.* | Civil Action No. 15-cv-03856-KM-MAH<br><br>CLASS ACTION<br><br>Hon. Kevin McNulty<br>District Judge<br><br>Hon. Michael A. Hammer<br>Magistrate Judge |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the settlement agreement entered by the parties, hereby orders that:

1. The Court has considered the proposed settlement of the claims asserted by the class of employees and job applicants, and finds that any person meeting any of the four definitions below is a Member of the Settlement Class:

*The 2 Year Inadequate Disclosure Group:*

All natural persons residing within the United States and its territories regarding whom, from June 9, 2013 through April 28, 2016, Avis Budget Car Rental, LLC procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the Disclosure Form provided to Ms. Fuller.

*The 3- to 5-Year Inadequate Disclosure Group:*

All natural persons residing within the United States and its territories regarding whom, from June 9, 2010 through June 8, 2013, Avis Budget Car Rental, LLC procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the Disclosure Form provided to Ms. Fuller.

*The 2-Year Failure to Notify Group:*

All employees or applicants for employment with Defendants residing in the United States and its Territories who were the subject of a background report procured or caused by the procured from a consumer reporting agency by Avis Budget Car Rental, LLC, and to whom its records reflect that it directed Sterling InfoSystems, Inc. or Sterling's predecessors or successors to provide, on its behalf, a pre-adverse action notice, from June 9, 2013 through April 28, 2016.

*The 3- to 5-Year Failure to Notify Group:*

All employees or applicants for employment with Defendants residing in the United States and its Territories who were the subject of a background report procured or caused by the procured from a consumer reporting agency by Avis Budget Car Rental, LLC and to whom its records reflect that it directed Sterling InfoSystems, Inc. or Sterling's predecessors or successors to provide, on its behalf, a pre-adverse action notice, from June 9, 2010 through June 8, 2013.

2. The settlement agreement entered between the parties as of March 14, 2017, appears, upon preliminary review, to be fair, reasonable and adequate to the Class. Accordingly, the proposed settlement is preliminarily approved, pending a final approval hearing as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

    (a)    there are approximately 45,000 members of the Class;

    (b)    the claims of the class representative are typical of those of the other members of the settlement class;

    (c)    there are questions of fact and law that are common to all members of the Class; and

    (d)    the class representative will fairly and adequately protect the interests of the Class and has retained class counsel experienced in consumer class action litigation who have and will continue to adequately represent the Class.

4. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

5. The Court appoints Plaintiff Angela Fuller as the class representative and James A. Francis, John Soumilas, and Lauren KW Brennan of the law firm of Francis & Mailman, P.C., Micah Adkins of The Adkins Firm, P.C. and Robert S. Sola of Robert S. Sola, P.C., as counsel for the Class ("Class Counsel").

6. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on November 28th, 2017 *(at least 120 days after entry of Preliminary Approval Order)* in Courtroom 4 at 10:00 a.m. for the following purposes: at Frank Lautenberg Post Office and Courthouse, 2 Federal Sq., Newark, NJ 07102

   (a) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

   (b) To determine whether a final judgment should be entered dismissing the claims of the Class with prejudice, as required by the settlement agreement;

   (c) To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for an individual settlement and service award to the class representative; and

   (d) To rule upon other such matters as the Court may deem appropriate.

7. (a) Within thirty-five (35) days of entry of this Order, the settlement administrator shall send the notice in the form attached to the Motion for Preliminary Approval of Class Action Settlement as Exhibit 3, as supplemented by letter dated March 15, 2017, to the last known first class mailing address of members of the Class as reflected in Defendants' records.

  (b) Not later than twenty (20) days before the final approval hearing, the settlement administrator will cause a declaration to be filed with the Court that the notice described above was given as required herein.

  8. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

  9. If a member of the Class chooses to opt-out of the Class, such member of the Class is required to submit a request for exclusion to the settlement administrator, post-marked on or before the date specified in the class notice, which shall be no later than thirty (30) days before the date of the final approval hearing or as the Court otherwise may direct. A member of the Class who submits a request for exclusion using the procedure identified above shall be excluded from the Class for any and all purposes. No later than fifteen (15) days prior to the final approval hearing, the settlement administrator shall prepare a list of all people who have timely excluded themselves from the settlement and shall provide such list to class counsel and Defendants' counsel, who will then report the names appearing on this list to the Court at or before the time of the final approval hearing.

  10. A member of the Class who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any member of the Class who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the settlement administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the final approval hearing.

  11. Any member of the Class who wishes to be heard orally at the final approval hearing, and/or who wishes for any objection to be considered, must file a written notice of

objection within sixty (60) days after the mailing of the settlement notice. The notice of objection shall be sent by first class United States mail, to (a) class counsel, (b) Defendants' counsel, and (c) the Clerk of the Court. Such objection shall be personally signed and state the caption of this action and the name, address and telephone number of the person objecting to the settlement, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection, and all relief sought. Any objector wishing to be heard at the final approval hearing must also file a notice of intent to appear with the Clerk of the Court's office, and must provide both class counsel and Defendants' counsel with copies of the notice of intent to appear.

12. No later than ten (10) days prior to the final approval hearing, class counsel shall prepare and file with the Court, and serve on Defendants' counsel, a list of all persons who have timely objected to the settlement.

13. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the class representative and for an award of attorneys' fees and expenses shall be filed not later than ten (10) days before the final approval hearing.

14. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement agreement.

BY THE COURT:

_____
KEVIN MCNULTY
U.S.D.J.

Dated: 7/31/2017